Joseph Collins on behalf of the appellant. May it please the Court, good morning. I think the key to the case is going to turn on the interpretation of the Court's February 17, 2004, order. The bankruptcy appellate panel seemed to think that without some transcript of the interpretation that the bankruptcy appellate court gave that court order, it could not decide the case. However, it's our opinion that the de novo review of a summary judgment requires that the court look at that order to determine what it means. Counsel, is there any contention that the transcripts don't exist? No. Okay. I think that so why don't we have them? They weren't ordered. I guess that's my only explanation. I can't say that somebody decided not to make them available to the court of appeals or, in the first instance, to the bankruptcy appellate panel. Yes. And I believe it's because the interpretation of that February 17 order is clear. All means all. And that there's no need for a transcript. I don't believe it. Don't you think it would be useful for us to get the interpretation offered by the judge who entered the order? I think it may be useful if this were not a de novo review. But you decided you didn't want to let us know? If this weren't a de novo review, Your Honor. No. You decided you didn't want to let us know. I guess, yes. That's the answer. Well, if it would be helpful, why is it we should be deprived of any tools we might have to find out what the order was supposed to mean? I guess our position is that it would not be helpful. But you just told me that it would. And it's pretty logical that it would. Wouldn't you want to hear from the judge that entered the order what the order was supposed to say or what it was supposed to mean? That all doesn't mean all, in essence, is what the determination is in this case? Then why didn't you let us find out from the court what his reasoning was? I mean, if the findings of fact and conclusions of law are entered in the record, so they're available only by way of transcript, and you don't give us the transcript, you're basically telling us you don't want us to know what the explanation was. Is that really the position you intended to take? Not really, no. But it's the position that we're faced with, isn't it? Yes, it is. I believe the order is clear, though. All means all. And a judge cannot say that all does not mean all, which, in essence, is what he's saying in this case. Well, there are lots of circumstances where you could say that. I mean, it's not hard from the facts here. The impression that I'm left with reading the factual scenario is that the bankruptcy judge is, in effect, telling us he did not understand that the order selling the other assets was meant to include what we're talking about here, because his understanding at the time was that what we're talking about here wasn't included in the, what I'll call the commercial or partnership assets that he thought the order covered. So if the judge's understanding is different than the party's understanding, is it the judge's order or understanding that controls? It doesn't appear that the party's understanding is entirely different. There is another side to this case. I understand that, Your Honor. So the fact that the judge's understanding is different from your and your client's understanding, isn't that important? It may be important. But you wouldn't let us know what it was, would you? Apparently, I didn't. And that's the problem, isn't it? I don't see it as a problem. Well, we do. Clearly, from your questions today, you see it as a problem. I mean, the bankruptcy appellate court said it as much. And I think that's the issue you have to deal with. They said that the record given to it was not sufficient to let it do a complete review. And that's the problem that the comments from Judge Fletcher and myself so far suggest, although comments from judges in the course of questioning shouldn't be taken as gospel, because we may kick around the other side, too. But it's a problem. And so we need to find out from you why we should disregard that problem. Again, Your Honor, the position, I think, is clear. The court order is clear as to what it means. All means all, all of the assets. And I guess I can offer opinion. And what I believe, it's not in the record. I believe I didn't get the findings, because I didn't think it was the statements made it clear as to what the order meant. It was a granting of summary judgment. It was a discussion had between counsel and the court on the motion for summary judgment, much like today, where comments went back and forth and the summary judgment was granted. And so what was it just my understanding from, I guess it's a minute order, there's a reference, I thought, to findings of fact and conclusions of law. Yeah, there is a reference in the minute entry that findings and facts were stated on the record. And again, I can only offer what I remember of that argument and that hearing. Don't have the transcript. My memory was that it was not helpful. Well, counsel, if in fact the scenario were something like this, everybody at that time thought that the equity in the property did not exceed the homestead allowance. So they really were clearly not thinking about the property at all. At the February 14th or 17th hearing? I don't have the dates in my head. The date that the order was entered on the sale, is that what you're referring to? The transcript of that hearing actually indicates that the purchasers, the Hamels, did mention that there was equity in a home, whether it was and I think the comment was substantial equity, as the expert indicates. Well, there was a the only thing that could have been set aside in the homestead was whatever the equity was. And I'm just suggesting that it could have been the understanding of everybody that there was no equity that exceeded the homestead allowance. So you have put us in a position where we feel handicapped. And you can say all means all. In all circumstances, all means all. But frankly, that doesn't carry much weight with me. Okay. And the court also in conjunction interpreted its October 26, 2004 order, which was an order abandoning property. If you read that in conjunction with the February 17th order, the all means all order that I referred to, which is also the contention of Apelli in this case, that that order did not establish the value of the properties when it in essence abandoned the property to the debtor in that bankruptcy case. And it lists, it's at tab L in the excerpt, it lists the properties and has value stated on there, and there's numerous interpretations of that particular order. It's been argued that that order means that the value of the property is $196,000. It's the last one on the list where it says residence. Yet that doesn't necessarily establish values. There's no finding that that's what the value was. And we cited ample citations in the brief as to whether or not that order would be controlling as to the value of the property. But again, what it really boils down to is what's the interpretation of the February 17th order. Whether or not selling all of the non-exempt assets is all of the assets. And we believe that with a de novo review, the Court can look at that to interpret that. Well, it isn't so much the word all. It's the question of what's understood as being included as the second half, the all remaining non-cash, non-exempt assets. And even short of saying these are factual findings, the listed values, in the context of the listed values, it's easier to understand at least the possibility of the Court's perception of this order as not including the real estate, because the real estate wasn't perceived at that time as having a value so that there would be anything that was non-exempt. I mean, that's the underlying dispute. And that's the reason why I appreciate what you're saying with regard to the word all meaning all. But if the subset perceived at the time is something different than you're now advocating, that's why we need to go back and try to figure out what the Bankruptcy Court understood at the time. And the subsequent action suggests that he understood something different than you're arguing for now. But does the perception of what the value of the property at the time that the order selling all of the assets, is that controlling on the parties? Is it something that is going to later down the road say we didn't sell it to you because there was no equity in the property because of someone's perception, if the perception wasn't voiced or clearly stated on the record? Because, again, we have three parties in here. Is that agreement to purchase the property at the time, in the nature of a contract, where you have to go to parole evidence and see what the parties intended when they entered into that agreement to purchase? Kagan. What transfer documents were there at that time? Was there a deed to the equity in the property? No. There's no deed. All we have is that court order transferring. And the statements on the record as to what the parties believed they were discussing at that hearing, there is a transcript of the hearing in the excerpts. Did they get a bill of sale to anything? No. The trustee's attorney, Mr. Dake, prepared the order, and the judge signed it that day. So Jim and Diane Hamel's counsel did not prepare that order, but Mr. Dake in essence prepared it and submitted it to the court. So there is no deed. There is no bill of sale. There is no list of assets. I suppose we could argue that none of the assets were there because none of them were exempt or had value at the time if we want to litigate that issue. I'll reserve my remaining time if there are no further questions. That's fine. And now we'll hear from counsel for Applee, Mr. Lallis, on the telephone. Good morning to the court. This is Keith Lallis for my daughter, who happens to be the Applee. I have read again carefully in the last day or so the opinion from the bankruptcy appellate panel what this gentleman who just spoke to you was trying to get you to do, in effect, is to change the BAP rule because the BAP rule clearly indicates that in order for an appeal to be considered that certain requirements have to be met. I don't know if this court would ever consider changing those rules, and I'm not even sure how you would go about doing that, but I am certain that that's not what you intend to do today. The rules clearly say that in order for the appeal to be considered that enough information needs to be contributed to the appellate court, in this case the bankruptcy appellate panel, in order for the panel to consider what happened below. As this court has already pointed out several times to Mr. Collins, that wasn't done. Why it wasn't done, he says, is because he didn't think it was necessary, but the There is nothing in his brief that even responds to the issue having to do with Rule 8009B, which clearly says that if you're going to make an appeal, you have to tell us what happened below so that we can look at it and determine whether or not we want to agree with it or disagree with it, since you don't have any information, none at all, really, as to what happened below as far as the reasoning of the bankruptcy judge is concerned. When we get an appeal from the BAP, what do we do? Do we go back and review the original order of the bankruptcy court, or do we simply review the BAP? It's the latter, Your Honor. In the brief that has been filed by Mr. Collins, he asked you to do what BAP didn't do. He asked you to go back over whatever you have in the way of record that was submitted from Pasadena and to review everything that BAP didn't do and do what he asked BAP to do that BAP said we can't do because you didn't give us the information. As a reviewing court for the Ninth Circuit, what you're supposed to do, of course, is that you're supposed to look to see what was done in the court below you and determine whether or not that was the appropriate thing to do. I believe this is one of the best opinions that I've read in a long time that is before you now from BAP, and it's spelled out completely and well as to what the responsibility is, why the responsibility was not met by the appellants in this case, and what the court tried to do as a result of it. I could argue this case the other way because I know what the bankruptcy judge did, and I know why he did it, but you don't, and the judges at BAP, because Mr. Collins didn't tell you. He didn't provide any information to show what happened there. Well, would it be correct to infer from the situation that the bankruptcy court did what he did because of his perception that the order wasn't intended to include equity in the House? Absolutely. In fact, if you were to look at what happened and what was submitted below, you probably could do at least some of what you're being asked to do. You could review what's there and say, well, my goodness, this thing has no merit at all, which is what the bankruptcy judge concluded. The advertisement of what was for sale did not include anything having to do with what they're talking about. It included only business interests. What is advertised is what is sold. What was sold and what was discussed clearly to be sold were business interests only. The abandonment order that was prepared by one of the gentlemen standing in front of you clearly abandons the House and its content to my daughter and to her former husband. That abandonment order takes out of the consideration that they're arguing as to what all is. All never included anything other than what was offered for sale. What was offered for sale was business interests only. What was sold was business interests only. And the House and its content were clearly indicated all the way through the proceedings as being not even included in the offer of sale, not included in the February order of the sale. And the argument that we got it because we paid $60,000 is clear nonsense because what they paid $60,000 for was for what was offered for sale, business interests only. Well, we do have the order approving the sale that does use the language that the appellant cited, which is the magic word all in front of the phrase all remaining non-cash, non-exempt assets of the estate if any. Now, that may make it uncertain from the four corners of this order exactly what property is included, but what do you have to say to the argument that read literally it seems to include whatever there is and if it turns out as a matter of history that whatever there is does include some equity in the House, why shouldn't that be covered by this order? Well, the answer to that, Your Honor, is the fact that during the proceedings, there was a discussion as to what all meant, and that discussion was limited specifically to what was offered for sale. And the all remaining aspect of it did not include because the debtor himself, through his lawyers, one of which is standing before you, recognized that the House and its contents were not remaining, that they had the exact language is quoted in my brief, which doesn't deal very well with the BAP issue, but the language is that they knew that the trustee was not making any claim to the House, the trustee was not making any claim to any of his contents, and that all remaining did not include the House and the contents. They admitted that judicially in the proceedings before the sale order was even signed. Your brief includes a quotation from the, what is it, February 17th hearing. Is that what you're referring to? That is correct. What the trustee is selling principally is the debtor's interest in a couple of partnerships and the debtor's interest in a corporation. And there was an acknowledgment during that proceeding, of which I wasn't present, that everybody knew that it did not include anything that the trustee didn't make any claim to. The trustee had already acknowledged earlier that there was not going to be any claim to any equity in the House or its contents. Anything further? No. In fact, I might want to try to get to heaven by stopping right now. We'll keep that in mind. Then I'll turn back to Mr. Collins and invite him to use his rebuttal. Just briefly, if the trustee had no knowledge of an asset, would that then not be part of the sale because he had no knowledge or made no claim to it? I think not. I think that all, again, means all. There was no offer. At least I don't see one in the record. All we have is the transcript and how this sale came about. There was a previous sale, which was objected to, and the court set an auction, in essence, on the 17th. So there was no official offer to sell. If there was an official offer to sell assets, then why didn't the trustee limit it in the order? He didn't. He prepared that order of February 17th. Not the debtor, not my office, not anyone in our office. It was the trustee's counsel who prepared that. So thank you. Thank you. We thank both counsel for the argument. The case just argued is submitted.
judges: Anello, Fletcher B. , Clifton